KANSAS CITY, Missouri, Respondent,

v.

Vernon Lee WARMAN, Appellant.

No. 57614.

Supreme Court of Missouri,
Division No. 1.

April 8, 1974.

———◆———

Aaron A. Wilson, City Counselor, Louis W. Benecke, City Prosecutor, David C. McConnell, Asst. City Prosecutor, Kansas City, for respondent.

American Civil Liberties Union—Western Missouri by Arthur A. Benson, II, Gen. Counsel, Kansas City, Peter N. Sterling, Legal Intern (Pursuant to Missouri Supreme Court Rule 13), for appellant.

WELBORN, Commissioner.

Appeal from judgment on jury verdict finding Vernon Lee Warman guilty of flag desecration in violation of Kansas City ordinance and fixing punishment at 90 days' imprisonment. The appeal has been lodged in this court because of appellant's attacks on the constitutionality of the ordinance under which he was convicted.

On May 11, 1971, a Kansas City police officer saw appellant, Vernon Lee Warman, walking from a drive-in restaurant in Kansas City. The officer observed that an American flag was sewn on the seat of Warman's trousers. The officer placed Warman under arrest "for wearing the flag on the seat of his trousers." Warman was charged in Municipal Court with desecrating and defiling a printed representation of the flag of the United States "by showing contempt for the flag by the act of using said representation as a patch on the seat of his trousers in public view." He was found guilty in Municipal Court and sentenced to 30 days' imprisonment. A de novo trial in the circuit court resulted in the judgment here under review.

Section 26.125, Revised Ordinances of Kansas City, provides, in part:

"It shall be unlawful for any person in any manner, * * * to publicly * * * cast contempt either by words or acts, whatever the case may be, upon any such flag [of the United States of America] * * *."

Appellant attacks the validity of this provision, under which he was convicted, on numerous federal constitutional grounds. The only one that requires attention is the attack based upon unconstitutional vagueness.

In the case of Smith v. Goguen, — U.S. —, 94 S.Ct. 1242, 39 L.Ed.2d 605 decid-

ed March 25, 1974, the United States Supreme Court found unconstitutionally vague a Massachusetts statute (Mass.Gen. Laws Ch. 264, § 5 (1971)) which provided, in part:

"Whoever publicly mutilates, tramples upon, defaces or treats contemptuously the flag of the United States * * * shall be punished [by fine and/or imprisonment]."

The defendant was charged with violation of this statute because he appeared in public wearing "a small cloth version of the United States flag sewn to the seat of his trousers." —— `U.S. ——, 94 S.Ct. 1244.

Five justices of the United States Supreme Court found the language "treats contemptuously" impermissibly vague and held the statute unconstitutional as in violation of the requirements of due process. In Justice Powell's opinion for the court, he concluded: "The language at issue is void for vagueness as applied to Goguen because it subjected him to criminal liability under a standard so indefinite that police, court, and jury were free to react to nothing more than their own preferences for treatment of the flag." —— U.S. ——, 94 S.Ct. 1250.

Inasmuch as the language of the ordinance here under attack "showing contempt" is not substantially different from the "treats contemptuously" struck down in Smith v. Goguen, supra, that case is here controlling and compels the conclusion that the Kansas City ordinance is likewise impermissibly vague and unconstitutional as here applied.

Judgment reversed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.